AUGUSTUS C. MOORE and IRA H. MOORE *vs.* JAMES T. HAMILTON.

The legal effect of an assignment of a mortgage from the mortgagee to the mortgagor is to extinguish it, so as to let in subsequent liens.

Where the defendant, in an action of ejectment, claimed that the plaintiffs purchased the premises at the defendant's request, under a verbal agreement that the latter should occupy and have the premises as his own, in consideration that he would support their mother during her life, which he alleged he had performed, but which agreement as well as performance was denied by the plaintiffs; *Held* that letters written by the vendor to the plaintiffs at the instigation of the defendant, or with his knowledge, containing propositions in relation to the sale, inconsistent with such an agreement, were admissible in evidence as part of the *res gestæ*.

The death of one of the plaintiffs, and the substitution of his successor in interest, pending a reference of the action, does not operate to supersede the order of reference, or invalidate the prior proceedings. The plaintiffs, in such a case, are entitled to the benefit of the prior proceedings already had in the action, including the order of reference, when such order has been duly entered, whether by consent of the parties or upon motion in actions which are referable without such consent.

APPEAL from a judgment for the plaintiff entered upon the report of a referee.

After the action had been partly tried, Charles Moore, one of the plaintiffs, died, and Ira H. Moore was, by order of the court, substituted in his place. The action was again brought to trial before the same referee, when the defendant objected to proceeding with the trial until a new referee should be appointed; which objection was overruled and the trial proceeded as if no change of parties had occurred. The reference was ordered, on consent of the original parties.

The action was ejectment, to recover the possession of certain premises, in the town of Fabius, formerly owned by William Frink. The plaintiffs claimed title through a sale of the lands upon a judgment in favor of Horace Wheaton, docketed February 22, 1836. The sale was made February 25, 1839, and no one redeeming, a sheriff's deed was executed to George Petit, May 25, 1840. Petit conveyed the premises to the plaintiff September 25, 1840. The defendant, after

setting up certain facts in avoidance of the sheriff's deed, averred that on the 20th day of February, 1860, he purchased and took a conveyance of the same premises from William Frink, and immediately went into possession, and that when Petit conveyed to the plaintiffs, the said Frink was in possession holding adversely.

As a further equitable defense, the defendant alleged that on the 16th day of February, 1838, Frink executed a mortgage upon said land to Abigail Middlebrook, his mother-in-law, and the mother of the plaintiffs, to secure the payment of $1437, payable in ninety days; and that the sheriff's deed was subject to that mortgage; that afterwards, in November, 1840, the said Abigail Middlebrook, being the owner and holder of said mortgage, entered into an agreement with Frink by which, in consideration that Frink would board and maintain the said Abigail during her natural life, she would give and transfer the said mortgage to him, and the same was transferred to him accordingly; that he did, in fact, support and maintain her until she died, in 1855. After her death, Frink sold, assigned and transferred the said mortgage and all his interest therein to the defendant. The plaintiffs, in reply, among other things, stated that a suit in chancery had been commenced by Mrs. Middlebrook to foreclose this mortgage, which was referred to Victory Birdseye, who found that the same was fraudulent and void as to Petit; that they afterwards purchased the premises at the request of Frink, and paid Petit $1000 for the same, for the purpose of furnishing a home for Frink and his wife, who was a sister of the plaintiffs, as well as to furnish a home for Mrs. Middlebrook, he, the said Frink agreeing to support her; and thereafter Frink remained in possession as tenant of the said plaintiffs, supporting the said Abigail in part for the rent thereof, and disclaiming the ownership of the same, but admitting that the plaintiffs were the owners, until the death of the said Abigail in 1856; that he continued in possession until 1859, when he abandoned the premises, and the plaintiffs

leased them to one Anson Ellis, who took immediate posses-
sion under said lease as tenant of the plaintiffs, and remained
therein until the defendant wrongfully got possession.   The
plaintiffs also alleged that the mortgage to Mrs. Middlebrook
was paid and satisfied ; also that it was barred by the statute
of limitations.

The referee found that the several conveyances mentioned
in the pleadings were duly executed as therein stated ; that
the said judgment became a valid lien on the premises from
the time it was docketed ; and that Frink was in possession
when the sheriff conveyed to Petit ; that when the original
plaintiffs, Charles and Augustus C. Moore, took a conveyance
of the premises, they entered into an agreement with Frink
to support their mother Abigail, and that, as compensation
therefor, he might occupy the premises as tenant without
payment of other or additional rent ; that Frink continued in
possession until the 20th day of January, 1860, when the
defendant entered and claimed to hold the same as grantee of
Frink, under a deed from Frink to him made on that day.
The referee also found the execution of the mortgage from
Frink to Mrs. Middlebrook in February, 1838 ; that on the
20th day of February, 1860, Frink claimed to own the said
mortgage by a transfer of the same from her to him ; and
that the same was assigned by her to him.   There was evidence
tending to show that this transfer was made to Frink in
October, 1840, on condition that Frink would support her
during her life.   The referee also found that Mrs. Middle-
brook, on the 14th day of October, 1840, satisfied the said
mortgage, and delivered the satisfaction piece to the plaintiffs.
The questions arising upon the trial, with the exceptions
taken by the defendant to the admission of certain evidence,
are sufficiently detailed in the opinion of the court.

*D. Pratt*, for the appellant.

*Wm. H. Shankland*, for the respondent.

MORGAN, J. The printed case contains much that has but little, if any, bearing upon the questions at issue between the parties. The title of the plaintiffs is very clearly proved, and must prevail, unless it is avoided by some of the several defences set up in the answer and proved upon the trial.

(1.) The defendant claimed to be in possession as the assignee of a mortgage given by the original owner of the premises, William Frink, to Abigail Middlebrook, February 16, 1838, and which is prior to the lien of the Wheaton judgment under which the plaintiffs claim title. If it is conceded that Mrs. Middlebrook afterwards assigned this mortgage to the mortgagor, William Frink, for a valuable consideration, it is not perceived what right the mortgagor took which could be transferred to the defendant in this action. The legal effect of an assignment of the debt to the debtor himself, for a valuable consideration, would be to extinguish the obligation. If there is any equitable ground upon which the lien of a mortgage in such a case can be preserved for the benefit of the assignee of the mortgagor, it does not appear in this case. The reissuing of the mortgage by the mortgagor to the defendant in this action for the purpose of overturning a lien subsequent to the date of the mortgage, is such a palpable fraud upon creditors and subsequent purchasers as to destroy all pretense of equity.

If I understand the agreement under which the mortgage was given, it was to insure the support of Mrs. Middlebrook during her life. This, I think, was a verbal arrangement, while the mortgage in terms provided for the payment of $1437. The pretended assignment of this mortgage by Mrs. Middlebrook back to the mortgagor was upon the same verbal arrangement. If there is any truth in this statement, the position of the parties was not changed by the transfer of the mortgage from Mrs. Middlebrook to the mortgagor. It was without any valuable consideration, and left the property still the property of Mrs. Middlebrook, and she was competent to satisfy it, even after its formal transfer to Frink; although

the evidence does not show that it was *after.*   The defendants' answer states that it was transferred to him in November, 1840, and according to the report of the referee, she executed a satisfaction piece to the plaintiff in the previous October.

(2.) As the defendant could not under any aspect of the case protect his possession under the Middlebrook mortgage, the objections to the declarations of Frink before the pretended assignment of it to the defendant, although well taken, are of no importance ; and may, I think, be disregarded on this appeal.

So far as the declarations of Frink, while in possession, tended to show the character of his possession, and whether adverse or not, they were clearly competent.   And I am of opinion that the evidence fully justifies the conclusion that he did not claim as owner, but only as tenant of the plaintiffs.

(3.) It is claimed by the appellant that there were several errors committed by the referee in the admission of irrelevant evidence, especially in the admission of a letter from Judge Petit to A. C. Moore, one of the parties, and the letter of Moore in answer to it.

But the defendant, among other things, claimed to hold the premises under a verbal agreement that they were to be his upon condition that he supported Mrs. Middlebrook during her life time.   It was competent for the plaintiff to disprove this agreement, and as there was evidence tending to show that the letter of Judge Petit was written with the knowledge of Frink, and at his instigation, it was clearly competent as part of the *res gestae.*   It contained a proposition to Moore to purchase the premises for the purpose of furnishing a home for Mrs. Middlebrook ; and the answer of Moore contained an acceptance of the proposition.   This arrangement was quite inconsistent with the claim which the defendant made upon the trial in respect to that transaction, and I think the referee decided correctly in admitting the evidence.

This disposes of all the questions of any importance bearing upon the merits of the case.

Moore *v.* Hamilton.

. (4.) The appellant, however, insists that the reference fell through, in consequence of the death of one of the plaintiffs, and that it could not be revived by a revival of the action. One of the grounds stated is, that the reference was by consent of the parties, and *non constat,* that the new parties would consent to a reference.

I am of opinion, however, that the revival takes up the case where the death of the party leaves it. Formerly, it was usual in cases in equity, for the order of revivor to provide for giving the new parties the benefit and advantage of the proceedings already had in the action. But I am not aware that any authority from the court is necessary to give effect to the prior proceedings in the cause. The legal effect is, I think, to authorize the continuance of the proceedings from the point at which they were interrupted by the death of the party. Under the Code, (§ 121,) the death of a party does not abate the action, but the court on motion may allow it to be continued by the successor in interest. It would be a great hardship to the parties to construe this action in such a way as to require the plaintiffs to begin *de novo.* Unless we require this much, we must construe it in such a way as to allow the plaintiffs the benefit of the proceedings already had in the action, including the order of a referee when one has been duly obtained, whether by consent of the parties, or upon motion in causes which are referable without such consent.

Nothing appears in the case, or exceptions, which, in my opinion, calls for a reversal of the judgment.

BACON and FOSTER, JJ. concurred.

MULLIN, J. dissented, being of opinion that the letters were inadmissible.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 4, 1865. *Morgan, Bacon, Foster* and *Mullin,* Justices.]